IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| AYESHA SHABAZZ, | : | Case No. 1:23-cv-751 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| WALMART, INC., et al., | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant Walmart, Inc.'s Motion for Summary Judgment (Doc. 20). Plaintiff has not filed a response in opposition, and the time to do so has passed. Thus, the matter is ripe for review. For the following reasons, Defendant Walmart Inc.'s Motion for Summary Judgment (Doc. 20) is **GRANTED**.

## BACKGROUND

On October 9, 2021, Plaintiff Ayesha Shabazz entered a Walmart store in Cincinnati, Ohio ("Store"). (Shabazz Dep., Doc. 18-1, Pg. ID 116.) After she arrived, Plaintiff walked almost the full length of a Store aisle when her shopping cart suddenly ran into a large, lone shelf on the aisle floor. (*Id.* at Pg. ID 117.) When her shopping cart hit the shelf on the ground, the shelf "popped" up and hit Plaintiff's knee. (*Id.* at Pg. ID 117-18.) Plaintiff claims that she has suffered permanent physical injuries as a result of this incident. (Compl., Doc. 6, ¶ 23.)

1

Plaintiff initially filed suit in Hamilton County Court of Common Pleas on October 2, 2023. (Compl., Doc. 6.) Defendant Walmart, Inc. ("Walmart") removed the case to this Court on November 13, 2023. (Notice of Removal, Doc. 1.) Plaintiff brings negligence claims against Walmart independently, as well as under the doctrine of respondeat superior. (Compl., Doc. 6, ¶¶ 9-25.) Plaintiff also brings subrogation claims against Defendants Aetna Health Insurance Company ("Aetna") and Ohio Department of Medicaid ("Medicaid"). (*Id.* at ¶¶ 26-33.)

On November 1, 2024, Walmart filed a Motion for Summary Judgment (Doc. 20). On November 11, 2024, Plaintiff's attorneys filed a Motion to Withdraw as Attorneys (Doc. 21), which this Court granted. (12/12/2024 Notation Order.) In granting the Motion to Withdraw, this Court advised Plaintiff that she had thirty days to attain new counsel, and once new counsel had entered an appearance, she had thirty additional days to respond to Walmart's Motion for Summary Judgment. (*Id.*) Plaintiff did not advise the Court of new counsel within the thirty-day period from the date of the Notation Order, at which point the clock began running for her response to the Motion. Thirty additional days have now passed, and Plaintiff has not responded to Walmart's Motion.

## LAW & ANALYSIS

When there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law, the district court shall grant summary judgment. Fed. R. Civ. P. 56(a). The moving party has the burden to conclusively show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If the moving party


meets that burden, then it becomes the nonmoving party's responsibility to point to specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A court is under no obligation to search the record for genuine issues of material fact. *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996).

Moreover, a "mere scintilla" of evidence in support of the nonmoving party's position is not enough to avoid summary judgment. *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005). Rather, to preclude summary judgment, the nonmoving party must put forward probative evidence on which a jury could reasonably reach a verdict in that party's favor. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy*, 39 F.3d at 1347. If the nonmoving party fails to make the necessary showing for an element on which it has the burden of proof, then the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

Furthermore, the Sixth Circuit's stance on abandonment of claims is clear: "a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013); *see also Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011); *Clark v. City of Dublin*, 176 F. App'x 522, 524-25 (6th Cir. 2006). And, a plaintiff's failure to respond to a motion for summary judgment constitutes "forfeiture of the claims to which the motion is addressed." *Curtis v. Burgess*, No. 1:22-CV-266, 2023 WL 5021898, at *2 (W.D. Mich. July 6, 2023). Opposition to the summary judgment motion "is waived, and dismissal, is appropriate, where the plaintiff fails to respond" to the motion. *Id.*; *see also Humphrey v. United States Attorney General's Office*, 729 F. App'x 328, 331 (6th

Cir. 2018).

Walmart filed its Motion for Summary Judgment on November 1, 2024. (*See* Doc. 20.) While Plaintiff would usually have twenty-one days to file a response in opposition, Plaintiff's attorneys moved to withdraw as counsel on November 11, 2024. (S.D. Ohio Civ. R. 7.2(a)(2); Motion to Withdraw as Attorneys, Doc. 21.) As such, when the Court granted that Motion to Withdraw, it provided—in the interests of justice—Plaintiff with thirty days to attain new counsel, plus an additional thirty days thereafter to respond to Walmart's Motion for Summary Judgment. (12/12/2024 Notation Order.) These deadlines have passed, and Plaintiff has still not filed a response to Walmart's Motion for Summary Judgment. By failing to respond, Plaintiff has waived her opposition to the Motion and granting summary judgment is therefore appropriate.

For the foregoing reasons, the Court **ORDERS** the following:

1. Walmart's Motion for Summary Judgment (Doc. 20) is **GRANTED**;
2. Plaintiff's claims against Walmart are **DISMISSED WITH PREJUDICE**;
3. Plaintiff's subrogation claims against Aetna and Medicaid are **DISMISSED WITH PREJUDICE**;
4. Medicaid's Crossclaim against Walmart and Aetna (Doc. 8) is **DISMISSED AS MOOT**; and
5. This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: /s/ Matthew W. McFarland

JUDGE MATTHEW W. McFARLAND